UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

FILED
~~DISTRICT COURT~~
~~DISTRICT OF MARYLAND~~

2010 DEC -6  A 11: 46

CLERK'S OFFICE
AT GREENBELT

BY ____ DEPUTY

| | | |
|---|---|---|
| DIGITAL CONTENT, INC.<br>A WYOMING CORPORATION | * | |
| Plaintiff, | * | |
| v. | * | CA NO: _____ |
| DOES 1 – 37 | * | JURY DEMAND  AW 10 CV 3403 |
| Defendants. | * | |

## COMPLAINT

Plaintiff, Digital Content, Inc., by its attorney, files this Complaint against Defendants Doe 1 through Doe 37 and alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action for copyright infringement seeking damages and injunctive relief under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

3      This court has personal jurisdiction over Defendants because, upon information and belief, Defendants are residents of this State, including this District, and/or because Defendants' acts of copyright infringement occurred using an IP address traced to a physical address located within this State, including this District.

### THE PARTIES

4.      Plaintiff, Digital Content, Inc. is a corporation duly formed and existing under the laws of the State of Wyoming, and has a principal place of business located at 151 North Nob Hill Road, Suite 189, Plantation, Florida.  Plaintiff is the owner of pertinent exclusive distribution rights

1

under the United States Copyright Act in adult media content generally known to the public by the title "Asian Booty" (herein after the "Work") and registered with the United States Copyright Office on or about September 22, 2010 under Registration No. PA1705826 (See Exhibit "B". Plaintiff's exclusive right to distribute the Work over the Internet via peer-to-peer file sharing protocols including, but not limited to, BitTorrent, has been duly recorded with the United States Copyright Office.

5.      The true name of each Defendant is unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by an Internet Protocol address (herein after "IP address"), which is a number that is assigned by Internet Service Providers (herein after "ISP's") to devices, such as computers, that are connected to the Internet.  Plaintiff's agents observed each of the IP addresses listed on Exhibit A attached hereto engaging in activity infringing upon Plaintiff's rights to the Work on the specific dates and times listed on Exhibit A.  Plaintiff believes that the Defendants' true identities will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to state the identity of each Defendant.

## COPYRIGHT INFRINGEMENT AND BITTORRENT TECHNOLOGY

6.      BitTorrent technology facilitates the copying and distribution of media content using the Internet.  There are three principal components to BitTorrent technology, each of which is necessary to perform normal BitTorrent media transfers: (1) a BitTorrent "client" (2) "torrent sites" and (3) BitTorrent "trackers."

7.      A BitTorrent "client" is software that a user installs on his or her computer.  This installed software, the BitTorrent "client," is the user's interface during the process of downloading and uploading media content.  A computer on which a BitTorrent "client" has not been installed cannot be used to copy or distribute BitTorrent media content.

2

8.	"Torrent sites" index media content files that are currently being made available for copying and distribution by other BitTorrent users.   "Torrent sites" host and distribute small reference files known as "torrents." "Torrents" instruct a user's computer where to go and how to get the files selected by the user from the list of media content files listed on the "Torrent site."

9.	A BitTorrent "tracker" directs users' computers to other users who have a particular file and then facilities the downloading of that file.

10.	Each media content file that is distributed using BitTorrent technology is downloaded in hundreds of small pieces.  As each piece of media content is downloaded it is immediately made available for distribution to other users who want a copy of the same content.  Each user who downloads (copies) content using BitTorrent technology is also simultaneously making that content available to others.

**COUNT I: COPYRIGHT INFRINGEMENT**

11.	Plaintiff incorporates by reference allegations 1 through 10 above as if set forth fully herein.

12.	At all times relevant hereto Plaintiff has been the owner of pertinent exclusive distribution rights in the Work.

13.	Defendants participated in the same BitTorrent network and without authorization from Plaintiff distributed the Work on the Internet utilizing BitTorrent technology, thereby infringing Plaintiff's exclusive distribution rights protected under the United States Copyright Act.

14.	Plaintiff's anti-Internet piracy agent, IPP, LLC. observed and recorded each Defendant distributing the Work in the United States using the BitTorrent peer-to-peer file sharing protocol. Exhibit A attached hereto records the time and date on which each Defendant, denoted by his or

3

her IP Address, distributed a file containing the Work, or portion thereof, within the United States using BitTorrent technology. In each instance of observed infringement recorded on Exhibit A hereto, IPP downloaded a portion of the distributed file on servers located within the United States, determined that the distributed file was substantially similar or the original Work, and preserved the download as evidence of the unlawful infringement complained of herein.

15.    Each Defendant knew or had constructive knowledge that his or her acts constituted copyright infringement.

16.    Each Defendant distributed the same unique pirated version of the Work identified by the unique hash value listed on Exhibit A and, upon information and belief, Defendants distributed portions of that unique pirated version to and among themselves.

17.    Each Defendant's conduct was willful within the meaning of the United States Copyright Act, intentional and with indifference to the rights of Plaintiff.

18.    As a result of their wrongful conduct each Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §§ 101 et. seq.

19.    Each Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff substantial and irreparable injury.

## JURY DEMAND

20.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against each Defendant as follows:

4

follows:

    A.    For entry of preliminary and permanent injunctions enjoining each Defendant from directly or indirectly infringing upon the Plaintiffs' exclusive distribution rights in the motion picture titled "<u>Asian Booty</u>";

    B.    For actual damages Plaintiff has sustained as a result of each Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

    C.    For statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff;

    D.    That each Defendant be required to pay Plaintiff an increase in the award of statutory damages due to each Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

    E.    For Plaintiff's costs pursuant to 17 U.S.C. § 505;

    F.    For Plaintiff's reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

    G.    For such other and further relief as the Court deems proper.

Dated: December 3, 2010

Respectfully submitted,

DIGITAL CONTENT, INC.
PLAINTIFF

By _Jon A. Hoppe_

Jon A. Hoppe, Esquire #6479
Counsel
Maddox, Hoppe, Hoofnagle &
    Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580